**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **ED CV 26-1295-JFW(KS)**                        Date:  April 2, 2026

Title:       Jose Mario Sanchez Hernandez -v- Fereti Semaia, et al.

_____

**PRESENT:**
        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                              **None Present**
   **Courtroom Deputy**                            **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                          None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER GRANTING PETITIONER'S EX PARTE
                                      APPLICATION FOR TEMPORARY RESTRAINING
                                      ORDER AND MOTION FOR PRELIMINARY
                                      INJUNCTION [filed 3/20/26; Docket No. 5]**

        On March 20, 2026, Petitioner Jose Mario Sanchez Hernandez ("Petitioner") filed an Ex Parte
Application for Temporary Restraining Order and Motion for Preliminary Injunction ("Application").  On
March 25, 2026, Respondents Fereti Semaia, David Marin, Kristi Noem, and Pam Bondi (collectively,
"Respondents") filed their Response.  Petitioner did not file a Reply.  Pursuant to Rule 78 of the
Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is
appropriate for decision without oral argument.  The hearing calendared for April 6, 2026, is hereby
vacated and the matter taken off calendar. After considering the moving and opposing papers, and
the arguments therein, the Court rules as follows:

**I.       Factual and Procedural Background**

        Petitioner is a forty-three year old native and citizen of of El Salvador who has lived in the
United States for over three decades.  He entered the United States in 1994 when he was eleven
years old following the death of his mother.  Petitioner was raised by family members in the United
States and has remained continuously present in the United States since his arrival.  According to
Petitioner, he previously held Temporary Protective Status ("TPS").  Because he was detained,
Petitioner was unable to renew his TPS.  His family believes that a renewal application may have
been submitted on his behalf, but TPS status was unclear at the time Petitioner filed his
Application.

        During his over thirty years in the United States, Petitioner has been steadily employed and
deeply involved with his family and community.  Petitioner has worked in grocery stores and, for

many years, was employed at a U.S. Navy base.  More recently, Petitioner has supported himself as a street vendor while pursing culinary training with the goal of becoming a chef.  Plaintiff also regularly assists family members with childcare and other household tasks.  According to Petitioner, he does not have any criminal history and has never been arrested, charged, or convicted of any offense.  Petitioner suffers from significant mental health conditions, including anxiety and depression, which have been exacerbated by his continued detention.

On August 28, 2025, Petitioner was taken into custody by immigration authorities while going about his daily work activities.  Petitioner was then placed in removal proceedings pursuant to a Notice to Appear, dated August 30, 2025.  On November 20, 2025, an Immigration Judge ordered Petitioner removed.  Petitioner timely appealed and his appeal was received by the Board of Immigration Appeals on November 22, 2025.  Petitioner's appeal remains pending.  Petitioner is currently detained at the Adelanto ICE Processing Center.

On March 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), alleging claims for: (1) unlawful detention under the Immigration and Nationality Act ("INA") and the Administrative Procedures Act ("APA"); (2) violation of the Fifth Amendment Due Process Clause; and (3) violation of the APA, 5 U.S.C. § 706(2).

On March 20, 2026, Petitioner filed his Application, seeking an Order from this Court ordering Respondents to immediately release Petitioner from custody, or, in the alternative, provide a prompt, individualized custody determination within seven days, at which the Government must demonstrate by clear and convincing evidence that Petitioner's detention is necessary and that no less restrictive conditions of supervision would reasonably assure appearance and public safety.[1]  In its Response, the Respondents state in relevant part:

> The Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). On December 18, 2025, the *Bautista* court entered final judgment as to the Bond Eligible Class. *See Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A notice of appeal was then filed by the *Bautista* defendants on December 18, 2025, ECF No. 95. On February 18, 2026, the *Bautista* court issued an order enforcing the judgment, ECF No. 116.  On March 6, 2026, the Ninth Circuit granted the government's emergency motion for a stay as follows: (1) the *Bautista* court's December 18, 2025, declaratory judgment is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal, insofar as the district court's judgment extends beyond the Central District of California. The district court's December 18, 2025 judgment remains in place as to the Central District of California; and (2) the district court's February 18, 2026, order granting petitioners' motion to enforce the judgment and vacating *Matter*

---

[1]Because Respondents had notice and an opportunity to respond and Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Application as a motion for preliminary injunction.

Initials of Deputy Clerk  _sr_

*of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal. *See Bautista v. DHS*, No. 26-1044, Dkt. 5.1 (9th Cir. 2026).

While Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the TRO Applicaiton, at most it would be ordering a bond hearing to be held before an Immigration Judge under 8 U.S.C. § 1226(a). Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days.

## II.     Legal Standard

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

## III.     Discussion

In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, Petitioner's Application for a temporary restraining order and preliminary injunction is **GRANTED**.  The Court **ORDERS** that: Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order.  And, in light of the serious questions going to the merits, the likelihood of irreparable harm, and the balance of equities and the public interest tipping sharply toward Petitioner, the Court **ORDERS** that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately enjoined from transferring, relocating, or removing Petitioner outside of the Central

District of California pending final resolution of this case or further order of the court.  Any additional relief sought by Petitioner in his Petition shall be addressed by the Magistrate Judge when adjudicating his Petition.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).  In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation omitted).  As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003).  In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted.  Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_